IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. LUTHER,<br><br>Petitioner,<br><br>vs.<br><br>BEN CURRY, Warden,<br><br>Respondent. | No. C 07-2565 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms ("BPT") denial of parole during parole suitability proceedings. Petitioner has also filed a motion to proceed *in forma pauperis* (docket no. 3), which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of second degree murder with use of a firearm and receiving stolen property in Santa Cruz County Superior Court and, on April 24, 1987, was sentenced to fifteen years-to-life plus four years. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the execution of his sentence. Petitioner contends that the denial of parole by the Board of Parole Hearings ("BPH") during parole suitability proceedings in 2005 violated his due process

1  rights. He alleges that he has exhausted state judicial remedies as to all of the claims
2  raised in his federal petition.

## DISCUSSION

I   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II   Legal Claims

Petitioner raises 10 claims of due process violations by the parole denial by the BPH in 2005. Liberally construed, the allegations raised regarding the Board of Parole Hearings proceedings are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369 (1987); *see, e.g., Morales. v. California Dep't of Corrections*, 16 F.3d 1001, 1005 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 499 (1995). However, claims 11-13 in the petition, which allege constitutional violations by the state courts in reviewing Petitioner's underlying claims fail to state a claim for relief.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

1  not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all
2  portions of the state trial record that have been transcribed previously and that are relevant
3  to a determination of the issues presented by the petition. If Petitioner wishes to respond
4  to the answer, he shall do so by filing a traverse with the Court and serving it on
5  Respondent within **thirty (30)** days of his receipt of the answer.

6      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
7  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
8  Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
9  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
10 days of receipt of the motion, and Respondent shall file with the Court and serve on
11 Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

12     4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
13 the Court informed of any change of address by filing a separate paper captioned "Notice
14 of Change of Address." He must comply with the Court's orders in a timely fashion.
15 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
16 to Federal Rule of Civil Procedure 41(b)

17     IT IS SO ORDERED.

18 DATED: October 15, 2007

19                                          JEFFREY S. WHITE
20                                          United States District Judge

3

|     |     |
| --- | --- |
| 1   | UNITED STATES DISTRICT COURT |
| 2   | FOR THE |
| 3   | NORTHERN DISTRICT OF CALIFORNIA |

KENNETH E LUTHER,

    Plaintiff,

v.

B CURRY et al,

    Defendant.

Case Number: CV07-02565 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth E. Luther
D55450
P.O. Box 689
Soledad, CA 93960

Dated: October 15, 2007

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk