IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. LUTHER, | No. C 07-2565 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition challenging a parole denial. This Court ordered Respondent to show cause why a writ should not issue. After Respondent had answered and Petitioner had filed a traverse, the United States Court of Appeals for the Ninth Circuit decided *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), in which a number of important issues involving parole habeas cases had been raised. In consequence, the Court ordered the parties to provide a supplemental brief addressing the impact of *Hayward* on this case. Respondent has filed a supplemental brief and Petitioner has not. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

A Santa Cruz County jury convicted Petitioner of second degree murder with use of a firearm and receiving stolen property. On April 24, 1987, he was sentenced to prison for a term of nineteen years to life. His habeas petition here is directed to a denial of parole by the Board of Parole Hearings ("Board") at a parole suitability hearing on May 23, 2005. He has exhausted state judicial remedies.

# DISCUSSION

## I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

## II. Respondent's Claims

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process

2

1  protections available are a right to be heard and a right to be informed of the basis for the
2  denial – that is, Respondent contends there is no due process right to have the result
3  supported by sufficient evidence. Because these contentions are contrary to Ninth
4  Circuit law, they are without merit. *See Pirtle v. California Bd. of Prison Terms*, 611
5  F.3d 1015, 1020-21 (9th Cir. 2010) (California's parole scheme gives rise to a liberty
6  interest in parole, including requirement that denial be supported by "some evidence");
7  *Cooke v. Solis*, 606 F.3d 1206, 1213-14 (9th Cir. 2010) (citing *Hayward*, 603 F.3d at
8  555, 561-64); *Pearson v. Muntz*, 606 F.3d 606, 610-11 (9th Cir. 2010) (citing *Hayward*,
9  603 F.3d at 561-64).

### III. Petitioner's Claims

Petitioner raised fourteen grounds for relief in his petition. The Court dismissed grounds eleven through fourteen, which were contentions of state appellate error, and issued an order to show cause on the remaining ten issues. These are: (1) there was no evidence to support the Board's conclusion that the circumstances of the crime showed that Petitioner was not suitable for parole; (2) the Board's use of his motive in committing the crime as a reason to deny parole violated due process and was precluded; (3) use of his criminal history as a reason to deny parole was arbitrary and capricious; (4) use of his purportedly unstable social history as a reason to deny parole was arbitrary and capricious; (5) the Board's conclusion that Petitioner's "programing" was inadequate and that he had not engaged in sufficient "self-help" was not supported by the evidence; (6) his disciplinary history did not provide "some evidence" to support the denial; (7) there was no evidence to support the Board's conclusion that he needed more work on learning to cope with stress and to gain insight into the crime; (8) as a consequence of the above, there was no evidence to support denial of parole; (9) the Board's decision to deny parole for several years violated due process; and (10) the Board was barred by administrative preclusion from repeatedly relying on the unchanging circumstances of the crime to deny parole.

//

Claims one through eight are variations on a sufficiency of the evidence claim, and will be considered together in the "some evidence" section below.

### 1. "Some Evidence" Claim

Petitioner's claims one through seven are contentions that aspects of the Board's decision were not supported by the evidence. Claim eight is a contention that there was not "some evidence" to support the denial.

After the petition was filed, the California Supreme Court made clear that under California law the job of the parole board is to determine whether an inmate would be a danger to society if released, and that the state "some evidence" requirement therefore is that there be "some evidence" of dangerousness – not that there be "some evidence" that, for instance, a crime was particularly brutal or that an inmate had inadequate parole plans. *See In re Lawrence*, 44 Cal. 4th. 1181, 1191 (2008). Then, as discussed below, the Ninth Circuit held that when a federal habeas case involves a claim that a California parole denial was not supported by "some evidence," the district court's job is to determine whether the state "some evidence" requirement was unreasonably applied; that is, whether the state courts unreasonably applied their requirement that there be "some evidence" an inmate would be a danger to society if released. *See Hayward*, 603 F.3d at 562. In short, the only federal requirement is that there be "some evidence" that the inmate would be a danger to society if paroled, and Petitioner's claims one through seven do not present separate grounds for federal habeas relief. However, the arguments presented in those issues will be considered in determining whether there was "some evidence" to support the denial.

### A. Impact of *Hayward*

In his supplemental brief, Respondent contends that *Hayward* does not permit a review of whether there actually was "some evidence" to support the decision, as long as the state has such a requirement. (Resp. Supp. Br. at 6.) Subsequent to the filing of the brief, however, this was proved wrong.

//

*Hayward* did hold that there is no constitutional right to "release on parole, or to release in the absence of some evidence of future dangerousness," arising directly from the Due Process Clause of the Constitution; instead, any such right "has to arise from substantive state law creating a right to release." *Hayward*, 603 F.3d at 555. The court overruled *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); and *Irons v. Carey*, 505 F.3d 846 (9th Cir. 2007), "to the extent they might be read to imply that there is a federal constitutional right regardless of whether state law entitles the prisoner to release . . . ." *Hayward*, 603 F.3d at 556. All three of those cases had discussed the "some evidence" requirement, but in all three it was clear that the requirement stemmed from a liberty interest created by state law; that portion of the cases, therefore, was not overruled by *Hayward*. *See Biggs*, 334 F.3d at 914-15; *Sass*, 461 F.3d at 1127-19; *Irons*, 505 F.3d at 850-51; *see also Cooke*, 606 F.3d at 1213-14 (post-*Hayward* case; noting that California law gives rise to a liberty interest in parole). However, all three cases also contained references in dictum to the possibility that "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, [would] run[] contrary to the rehabilitation goals espoused by the prison system and could result in a due process violation." *Biggs*, 334 F.3d at 916-17; *see also Sass*, 461 F.3d at 1129; *Irons*, 505 F.3d at 853-54. It appears that this possibility – referred to below as a "*Biggs* claim" – is the only thing that was "overruled" by *Hayward*.

Aside from its holding that there could be no "*Biggs* claim" arising directly from the Due Process Clause of the Constitution, *Hayward*'s potential effect has been negated by decisions subsequent to that case. The Ninth Circuit still recognizes that California law gives rise to a liberty interest in parole. *Pirtle*, 611 F.3d at 1020-21; *Cooke,* 606 F.3d at 1213-14; *Pearson,* 606 F.3d at 610-11. Under California law, "some evidence" of current dangerousness is required in order to deny parole. *Hayward*, 603 F.3d at 562 (citing *In re Lawrence*, 44 Cal. 4th at 1205-06, and *In re Shaputis*, 44 Cal. 4th 1241 (2008)). "California's 'some evidence' requirement is a component of the liberty

5

interest created by the parole system of that state." *Cooke*, 606 F.3d at 1213.  A federal court considering a "some evidence" claim directed to a parole denial thus must determine whether there was "some evidence" of current dangerousness to support the parole board's decision; if not, the prisoner's due process rights were violated.  This was also true prior to *Hayward*, although now the rationale is that the Court is applying California's "some evidence" rule as a component of the required federal due process. *See Pirtle*, 611 F.3d at 1020-21; *Cooke*, 606 F.3d at 1213-14; *Pearson*, 606 F.3d at 610-11.  Respondent's arguments regarding the application of *Hayward* are rejected.

### 2.  Analysis

A federal district court reviewing a California parole decision "must determine 'whether the California judicial decision approving the governor's [or the Board's] decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or was 'based on an unreasonable determination of the facts in light of the evidence.'"  *Hayward*, 603 F.3d at 562-63 (quoting 28 U.S.C. § 2254(d)(1)-(2)).  That requirement was summarized in *Hayward* as follows:

> [a]s a matter of California law, "the paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety."  There must be "some evidence" of such a threat, and an aggravated offense "does not, in every case, provide evidence that the inmate is a current threat to public safety."  The prisoner's aggravated offense does not establish current dangerousness "unless the record also establishes that something in the prisoner's pre- or post- incarceration history, or his or her current demeanor and mental state" supports the inference of dangerousness.  Thus, in California, the offense of conviction may be considered, but the consideration must address the determining factor, "a current threat to public safety."

*Id.* at 562 (quoting *In re Lawrence*, 44 Cal. 4th. at 1191, 1209-15); *see also Cooke*, 606 F.3d at 1214 (describing California's "some evidence" requirement).  The necessary "some evidence" is evidence of current dangerousness, not evidence to support any subsidiary findings by the Board as to the considerations provided in the regulations.  *In re Lawrence*, 44 Cal. 4th at 1212.  This is why Petitioner's issues one through seven cannot be the basis for federal habeas relief, because the lack of "some evidence" as to any particular factor is irrelevant to the ultimate issue, whether there was "some

6

1 evidence" of current dangerousness.

2 When a federal court considers a habeas case directed to a parole decision, the
3 "necessary subsidiary findings" and the "ultimate 'some evidence' findings" by the state
4 courts are factual findings – and thus are reviewed by the federal court under 28 U.S.C. §
5 2254(d)(2) for whether the decision was "based on an unreasonable determination of the
6 facts in light of the evidence." *Pearson*, 606 F.3d at 611 (citing *Hayward*, 603 F.3d at
7 563).

8 The nature of the offense was one basis for the Board's conclusion that Petitioner
9 would be a danger to society if paroled. The Board set out the facts of the offense, with
10 which Petitioner agreed:

> On May 10, 1986, at approximately 1:40 a.m., Kenneth Luther attempted to steal a stereo from the Jeep belonging to Stacey Hine, . . . which was parked in front of her parent's [sic] residence. During the attempted theft, Luther was observed and perceived by Stacey Hine's . . . boyfriend, . . . Joseph Vomvolakis, the victim. Joseph happened to be leaving the residence at the time of the theft. Stacey Hine stated that shortly after Joseph had left the residence, she heard three gunshots. While she called the Sheriff's office, she asked her brother Martin to check out what had happened. Simultaneously, a Sheriff's Deputy reported to the location of a man down, later identified as Joseph Vomvolakis. Joseph had suffered two gunshot wounds from a .25 caliber automatic weapon. Both wounds, one to the abdomen and the other to the head, would have by themselves caused death. The deputies canvassed the area and went to a nearby motel where they interviewed Luther. Fingerprints were matched to Luther from a beer can and a knife found near the Jeep. Upon cross-examination, Luther told the deputies where the gun was located. He . . . admitted that he had stolen the gun a few weeks prior to the shooting. A gun and screwdriver were retrieved by deputies from a nearby field.

21 (Answer, Ex. 2 (Transcript of Parole Hearing ("Tr.") at 12-14).)[1]

22 The record shows that although Petitioner had done well in prison, he had not
23 engaged in any self-help programs, such as anger management classes or independent
24 study, in the six or seven years before the hearing. (Tr. at 35-37.) Further, part of
25 Petitioner's explanation of the offense – that when he was being chased by the victim
26 and fired, he thought he was firing into a dirt bank – was both unbelievable and

---

[1] Citations to "Ex." are to the exhibits making up the record. They are attached to Respondent's answer.

7

apparently inconsistent with explanations offered earlier. (Tr. at 43-44.) This supports the Board's conclusion that he has not developed insight into the offense. (Tr. at 74.) These post-offense facts provide the "something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, [which] indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety." *In re Lawrence*, 44 Cal. 4th. at 1214.

At the time of the hearing in 2005 Petitioner was approximately forty-two years old and had served a bit more than eighteen years on his sentence of nineteen years to life. The passage of time between the commitment offense and the 2005 hearing probably reduced the evidentiary value of the commitment offense for predicting whether Petitioner would be a danger to society if released. However, the egregious circumstances of that offense and the post-conviction factors set out above, are "some evidence" that Petitioner would be a danger to public safety if paroled.

Petitioner's claims regarding the constitutional adequacy of the evidence to support the parole denial, claims one through eight, are without merit.

### 2. Timing of Parole Consideration Hearings

The Board determined that Petitioner's next hearing would be in two years, because there was no reasonable possibility he would be granted parole if given a hearing sooner. Petitioner contends that this violated state law. A violation of state law cannot be the basis for federal habeas relief, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law), and Petitioner cannot turn a state-law claim into a federal one simply by invoking due process, *see Longford v. Day*, 110 F.3d 1380,

8

1389 (9th Cir. 1996).[2]  This claim is without merit.

### 3. Administrative Estoppel

Petitioner contends that the Board's decision violated the doctrine of "administrative collateral estoppel."  This claim makes no sense, however, because the Board's earlier decisions were unfavorable to Petitioner, and in any case there is no federal constitutional requirement that a state agency afford preclusive effect to its own earlier decisions.[3]  This claim is without merit.

## IV. Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal).  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate must indicate which issues satisfy this standard.  *See id.* § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[2] The Court notes that although Petitioner cites *California Dep't of Corrections v. Morales*, 514 U.S. 499 (1995), he makes no ex post facto claim, the subject of *Morales*.  *See id.* at 507-08 (no violation of Ex Post Facto Clause in applying statute that merely makes change in method to be followed in fixing parole date.)

[3] Petitioner may believe that preclusion means that once a state agency has reached a conclusion once – here, that the offense was egregious – it cannot reach that same conclusion again.  There is no such federal requirement, and indeed that is nearly the opposite of the usual understanding of preclusion.  *See*, *e.g.*, *Montana v. United States*, 440 U.S. 147, 153 (1979).

9

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists could disagree as to whether the evidence in the record amounts to "some evidence" that Petitioner was not suitable for parole. The Court therefore will grant a certificate of appealability on that issue. Petitioner should note that if he wishes to appeal, he still must file a timely notice of appeal. *See* Rule 11(b), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is GRANTED as to the "some evidence" issue. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: September 29, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH E LUTHER,

        Plaintiff,

  v.

B CURRY et al,

        Defendant.

Case Number: CV07-02565 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 29, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth E. Luther
D55450
P.O. Box 689
Soledad, CA 93960

Dated: September 29, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk